**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**NOVEMBER 1997 SESSION**

FILED

December 17, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 01C01-9701-CC-00027** |
| Appellee, | ) | |
| | ) | **MONTGOMERY COUNTY** |
| VS. | ) | |
| | ) | **HON. JOHN H. GASAWAY, III,** |
| **JEFFERY SCOTT SCHMIDT,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Revocation of Community Corrections) |

FOR THE APPELLANT:          FOR THE APPELLEE:

**MICHAEL JONES**                    **JOHN KNOX WALKUP**
Public Defender                  Attorney General & Reporter

**COLLIER W. GOODLETT**          **DARYL J. BRAND**
Asst. Public Defender            Asst. Attorney General
109 South 2nd St.               450 James Robertson Pkwy.
Clarksville, TN 37040         Nashville, TN  37243-0493

                                 **JOHN W. CARNEY**
                                 District Attorney General

                                 **STEVE GARRETT**
                                 Asst. District Attomey General
                                 204 Franklin St.
                                 Clarksville, TN 37041

OPINION FILED:_____

**AFFIRMED - RULE 20 ORDER**

**JOHN H. PEAY,**
Judge

## O P I N I O N

The defendant was convicted, on a guilty plea, in March 1993 on a charge of theft. A four year sentence was imposed with all but ninety days being suspended. The defendant's probation was revoked on two previous occasions for violations. He was placed back on probation at the first revocation and placed in Community Corrections after the second revocation.

On July 6, 1995, a warrant was issued for the defendant to revoke his Community Corrections sentence relying on arrests and convictions in the General Sessions Court and on his failure to abide by his curfew requirements. The trial court, finding that the factual allegations were true and that alternative sentencing had not been successful, revoked the defendant's Community Corrections sentence and ordered him to serve the balance of his sentence with the Department of Correction.

We have reviewed the record in this case and conclude that this is an appropriate case for affirmance under Rule 20 of the Court of Criminal Appeals.

It appearing that the appellant is indigent, costs of the appeal will be paid by the State, for which let execution issue. This matter is remanded to the trial court for collection of costs accrued below.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
DAVID H. WELLES, Judge